**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **INNOVATIVE DISPLAY TECHNOLOGIES LLC,** | |
| Plaintiff, | **Case No. 2:14-cv-146** |
| v. | **JURY TRIAL DEMANDED** |
| **TOMTOM NORTH AMERICA INC. AND TOMTOM INTERNATIONAL BV,** | |
| Defendants. | |

## PLAINTIFF'S COMPLAINT

Plaintiff Innovative Display Technologies LLC, by and through its undersigned counsel, files this Complaint against Defendants TomTom North America Inc. and TomTom International BV (hereinafter collectively referred to as "TomTom" or "Defendants").

## THE PARTIES

1.     Innovative Display Technologies LLC is a Texas limited liability company with its principal place of business located at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2.     TomTom North America Inc. is a New Hampshire corporation with its principal place of business located at 11 Lafayette St., Lebanon, NH 03766.  TomTom North America Inc. may be served with process by serving its registered agent at National Registered Agents, Inc., Sulloway & Hollis, 11 Capitol Street, Concord, NH 03301.

3.     TomTom International BV is a Netherlands corporation with its principal place of business located at De Ruyterkade 154, 1011 AC Amsterdam, The Netherlands.  TomTom International BV can be served with process at its principal place of business at De Ruyterkade 154, 1011 AC Amsterdam, The Netherlands.

4.      Defendants have conducted and regularly conduct business within this District, have purposefully availed themselves of the privileges of conducting business in this District, and have sought protection and benefit from the laws of the State of Texas.

## JURISDICTION AND VENUE

5.      This action arises under the Patent Law of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.      As further detailed herein, this Court has personal jurisdiction over TomTom. TomTom is amenable to service of summons for this action.  Furthermore, personal jurisdiction over TomTom in this action comports with due process.  TomTom has conducted and regularly conducts business within the United States and this District.  TomTom has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in Texas and this District.  TomTom has sought protection and benefit from the laws of the State of Texas by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

7.      TomTom directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents – ships, distributes, offers for sale, and/or sells its products in the United States and this District.  TomTom has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District.  TomTom knowingly and purposefully ships infringing products into and within this District through an established distribution channel.  These infringing products have been and continue to be

purchased by consumers in this District.  Through those activities, TomTom has committed the

tort of patent infringement in this District.  Plaintiff's cause of action for patent infringement

arises directly from Defendants' activities in this District.

8.     Venue is proper in this Court according to the venue provisions set forth by 28

U.S.C. §§ 1391(b)-(d) and 1400 (b).  Defendants are subject to personal jurisdiction in this

District, and therefore are deemed to reside in this District for purposes of venue.  Defendants

have committed acts within this judicial District giving rise to this action and does business in

this District, including but not limited to making sales in this District, providing service and

support to their respective customers in this District, and/or operating an interactive website,

available to persons in this District that advertises, markets, and/or offers for sale infringing

products.

## BACKGROUND

**A.     The Patents-In-Suit**

9.     U.S. Patent No. 7,537,370 titled "Light Emitting Panel Assemblies" ("the '370

patent") was duly and legally issued by the U.S. Patent and Trademark Office on May 26, 2009,

after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '370 patent.

The '370 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in

the '370 patent, including the right to collect and receive damages for past, present and future

infringements. A true and correct copy of the '370 patent is attached as **Exhibit A** and made a

part hereof.

10.     U.S. Patent No. 7,300,194 titled "Light Emitting Panel Assemblies" ("the '194

patent") was duly and legally issued by the U.S. Patent and Trademark Office on November 27,

2007, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '194

patent. The '194 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '194 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '194 patent is attached as **Exhibit B** and made a part hereof.

11.     U.S. Patent No. 7,384,177 titled "Light Emitting Panel Assemblies" ("the '177 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 10, 2008, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '177 patent. The '177 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '177 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '177 patent is attached as **Exhibit C** and made a part hereof.

12.     U.S. Patent No. 7,404,660 titled "Light Emitting Panel Assemblies" ("the '660 patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 29, 2008, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '660 patent. The '660 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '660 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '660 patent is attached as **Exhibit D** and made a part hereof.

13.     U.S. Patent No. 7,434,974 titled "Light Emitting Panel Assemblies" ("the '974 patent") was duly and legally issued by the U.S. Patent and Trademark Office on October 14, 2008, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '974 patent.  The '974 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '974 patent, including the right to collect and receive damages for past, present and

future infringements.  A true and correct copy of the '974 patent is attached as **Exhibit E** and made a part hereof.

14.     U.S. Patent No. 8,215,816 titled "Light Emitting Panel Assemblies" ("the '816 patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 10, 2012, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '816 patent. The '816 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '816 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '816 patent is attached as **Exhibit F** and made a part hereof.

15.     U.S. Patent No. 7,160,015 titled "Light Emitting Panel Assemblies" ("the '015 patent") was duly and legally issued by the U.S. Patent and Trademark Office on January 9, 2007, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '015 patent.  The '015 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '015 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '015 patent is attached as **Exhibit G** and made a part hereof.

16.     U.S. Patent No. 7,736,043 titled "Light Emitting Panel Assemblies" ("the '043 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 15, 2010, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '043 patent. The '043 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '043 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '043 patent is attached as **Exhibit H** and made a part hereof.

17.     U.S. Patent No. 7,963,687 titled "Light Emitting Panel Assemblies" ("the '687 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 21, 2011, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '687 patent. The '687 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '687 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '687 patent is attached as **Exhibit I** and made a part hereof.

18.     U.S. Patent No. 8,142,063 titled "Light Emitting Panel Assemblies" ("the '063 patent") was duly and legally issued by the U.S. Patent and Trademark Office on March 27, 2012, after full and fair examination.  Jeffery R. Parker is the sole inventor listed on the '063 patent.  The '063 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '063 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '063 patent is attached as **Exhibit J** and made a part hereof.

19.     U.S. Patent No. 6,079,838 titled "Light Emitting Panel Assemblies" ("the '838 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 27, 2000, after full and fair examination.  Jeffery R. Parker, Mark D. Miller, and Daniel N. Kelsch are the named inventors listed on the '838 patent.  The '838 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '838 patent, including the right to collect and receive damages for past, present and future infringements.  A true and correct copy of the '838 patent is attached as **Exhibit K** and made a part hereof.

20.     Jeffery R. Parker is an inventor of the '194 patent, the '177 patent, the '660 patent, the '838 patent, the '687 patent, the '370 patent, the '974 patent, the '015 patent, the '043

patent, the '063 patent, and the '816 patent (collectively, the "patents-in-suit"). In total, he is a named inventor on over eighty-five (85) U.S. patents.

**B.     Defendants' Infringing Conduct**

21.     Defendants make, use, offer to sell, and/or sell within, and/or import into the United States display products that incorporate the fundamental technologies covered by the patents-in-suit. The infringing display products include, but are not limited to, GPS navigation systems.

22.     By incorporating the fundamental inventions covered by the patents-in-suit, Defendants can make improved products, including but not limited to, longer displays, thinner displays, and/or displays with a higher light output, a more uniform light output, and/or a lower power requirement.

23.     Third-party distributors purchase and have purchased Defendants' infringing display products for sale or importation into the United States, including this District. Third-party consumers use and have used Defendants' infringing display products in the United States, including this District.

24.     Defendants have purchased infringing display products that are made, offered for sale, sold within, and/or imported into the United States, including this District by third party manufacturers, distributors, and/or importers.

<u>**COUNT I**</u>
<u>**Patent Infringement of U.S. Patent No. 7,300,194**</u>

25.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-24 as though fully set forth herein.

26.     The '194 patent is valid and enforceable.

27.     Defendants have never been licensed, either expressly or impliedly, under the '194 patent.

28.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '194 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '194 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

29.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '194 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '194 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '194 patent.

30.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '194 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '194 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

8

31.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '194 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '194 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

32.     Defendants had knowledge of the '194 patent since at least the filing of this Complaint or before.

33.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '194 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '194 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

34.     As a direct and proximate result of these acts of patent infringement, Defendants

have encroached on the exclusive rights of Plaintiff and its licensees to practice the '194 patent,

for which Plaintiff is entitled to at least a reasonable royalty.

**COUNT II**
**Patent Infringement of U.S. Patent No. 7,384,177**

35.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-34 as

though fully set forth herein.

36.     The '177 patent is valid and enforceable.

37.     Defendants have never been licensed, either expressly or impliedly, under the

'177 patent.

38.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff

has complied with the requirements of that statute by providing actual or constructive notice to

Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '177

patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of

the '177 patent on all goods made, offered for sale, sold within, and/or imported into the United

States that embody one or more claims of that patent.

39.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either

literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement

with specific intent under 35 U.S.C. § 271(b), the '177 patent by making, using, offering to sell,

and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through

intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or

importing into the United States, without authority, display products that include all of the

limitations of one or more claims of the '177 patent, including but not limited to GPS navigation

systems (*e.g.*, TomTom VIA 1505), its display components, and/or other products made, used,

10

sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '177 patent.

40.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '177 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '177 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

41.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '177 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '177 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

42.     Defendants had knowledge of the '177 patent since at least the filing of this Complaint or before.

43.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '177 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '177 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established

distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

44.     As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '177 patent, for which Plaintiff is entitled to at least a reasonable royalty.

### COUNT III
### Patent Infringement of U.S. Patent No. 7,404,660

45.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-44 as though fully set forth herein.

46.     The '660 patent is valid and enforceable.

47.     Defendants have never been licensed, either expressly or impliedly, under the '660 patent.

48.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '660 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '660 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

49.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '660 patent by making, using, offering to sell,

and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '660 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '660 patent.

50.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '660 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '660 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

51.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '660 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '660 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

52.     Defendants had knowledge of the '660 patent since at least the filing of this Complaint or before.

53.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '660 patent. Since at least the filing of

13

this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact,

that the induced acts constitute infringement of the '660 patent. Defendants intend to cause

infringement by these third-party manufacturers, distributors, importers, and/or consumers.

Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating

advertisements that promote the infringing use of display products, creating established

distribution channels for these products into and within the United States, purchasing these

products, manufacturing these products in conformity with U.S. laws and regulations,

distributing or making available instructions or manuals for these products to purchasers and

prospective buyers, and/or providing technical support, replacement parts, or services for these

products to these purchasers in the United States.

54.    As a direct and proximate result of these acts of patent infringement, Defendants

have encroached on the exclusive rights of Plaintiff and its licensees to practice the '660 patent,

for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT IV
## Patent Infringement of U.S. Patent No. 7,434,974

55.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-54 as

though fully set forth herein.

56.    The '974 patent is valid and enforceable.

57.    Defendants have never been licensed, either expressly or impliedly, under the

'974 patent.

58.    To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff

has complied with the requirements of that statute by providing actual or constructive notice to

Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '974

patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of

the '974 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

59.    Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '974 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '974 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '974 patent.

60.    Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '974 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '974 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

61.    The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '974 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '974 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

62.     Defendants had knowledge of the '974 patent since at least the filing of this Complaint or before.

63.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '974 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '974 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

64.     As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '974 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT V
## Patent Infringement of U.S. Patent No. 8,215,816

65.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-64 as though fully set forth herein.

66.     The '816 patent is valid and enforceable.

16

67.     Defendants have never been licensed, either expressly or impliedly, under the '816 patent.

68.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '816 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '816 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

69.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '816 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '816 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '816 patent.

70.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '816 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '816 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

71.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '816 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '816 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

72.     Defendants had knowledge of the application that issued into the '816 patent since at least the filing of this Complaint or before.

73.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '816 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '816 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

74.     As a direct and proximate result of these acts of patent infringement, Defendants

have encroached on the exclusive rights of Plaintiff and its licensees to practice the '816 patent,

for which Plaintiff is entitled to at least a reasonable royalty.

**COUNT VI**
**Patent Infringement of U.S. Patent No. 7,160,015**

75.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-74 as

though fully set forth herein.

76.     The '015 patent is valid and enforceable.

77.     Defendants have never been licensed, either expressly or impliedly, under the

'015 patent.

78.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff

has complied with the requirements of that statute by providing actual or constructive notice to

Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '015

patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of

the '015 patent on all goods made, offered for sale, sold within, and/or imported into the United

States that embody one or more claims of that patent.

79.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either

literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement

with specific intent under 35 U.S.C. § 271(b), the '015 patent by making, using, offering to sell,

and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through

intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or

importing into the United States, without authority, display products that include all of the

limitations of one or more claims of the '015 patent, including but not limited to GPS navigation

systems (*e.g*., TomTom VIA 1505), their display components, and/or other products made, used,

sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '015 patent.

80.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '015 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '015 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

81.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '015 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '015 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

82.     Defendants had knowledge of the application that issued into the '015 patent since at least the filing of this Complaint or before.

83.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '015 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '015 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established

distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

84.     As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '015 patent, for which Plaintiff is entitled to at least a reasonable royalty.

**COUNT VII**
**Patent Infringement of U.S. Patent No. 7,736,043**

85.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-84 as though fully set forth herein.

86.     The '043 patent is valid and enforceable.

87.     Defendants have never been licensed, either expressly or impliedly, under the '043 patent.

88.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '043 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '043 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

89.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '043 patent by making, using, offering to sell,

and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '043 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '043 patent.

90.     Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '043 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '043 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

91.     The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '043 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '043 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

92.     Defendants had knowledge of the application that issued into the '043 patent since at least the filing of this Complaint or before.

93.     Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '043 patent. Since at least the filing of

this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '043 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

94.     As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '043 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT VIII
## Patent Infringement of U.S. Patent No. 8,142,063

95.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-94 as though fully set forth herein.

96.     The '063 patent is valid and enforceable.

97.     Defendants have never been licensed, either expressly or impliedly, under the '063 patent.

98.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '063 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of

the '063 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

99.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '063 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '063 patent, including but not limited to GPS navigation systems (*e.g*., TomTom VIA 1505), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '063 patent.

100.    Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '063 patent, including but not limited to GPS navigation systems (*e.g*., TomTom VIA 1505), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '063 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

101.    The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '063 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '063 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

24

102.    Defendants had knowledge of the application that issued into the '063 patent since at least the filing of this Complaint or before.

103.    Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '063 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '063 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

104.    As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '063 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT IX
## Patent Infringement of U.S. Patent No. 6,079,838

105.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-104 as though fully set forth herein.

106.    The '838 patent is valid and enforceable.

107.    Defendants have never been licensed, either expressly or impliedly, under the '838 patent.

108.    To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '838 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '838 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

109.    Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '838 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '838 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '838 patent.

110.    Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '838 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '838 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

111.    The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '838 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '838 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

112.    Defendants had knowledge of the application that issued into the '838 patent since at least the filing of this Complaint or before.

113.    Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '838 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '838 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

114.    As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '838 patent, for which Plaintiff is entitled to at least a reasonable royalty.

### COUNT X
### Patent Infringement of U.S. Patent No. 7,537,370

115.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-114 as though fully set forth herein.

116.    The '370 patent is valid and enforceable.

117.    Defendants have never been licensed, either expressly or impliedly, under the '370 patent.

118.    To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '370 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '370 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

119.    Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '370 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '370 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), their display components, and/or other products made, used,

sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '370 patent.

120.    Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '370 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '370 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

121.    The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '370 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '370 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

122.    Defendants had knowledge of the '370 patent since at least the filing of this Complaint or before.

123.    Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '370 patent. Since at least the filing of this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '370 patent. Defendants intend to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established

distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

124.     As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '370 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT XI
## Patent Infringement of U.S. Patent No. 7,963,687

125.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-124 as though fully set forth herein.

126.     The '687 patent is valid and enforceable.

127.     Defendants have never been licensed, either expressly or impliedly, under the '687 patent.

128.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Plaintiff surmises that any express licensees of the '687 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '687 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

129.     Defendants have been and are directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '687 patent by making, using, offering to sell,

and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '687 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), their display components, and/or other products made, used, sold, offered for sale, or imported by Defendants that include all of the limitations of one or more claims of the '687 patent.

130.    Distributors and consumers that purchase Defendants' products that include all of the limitations of one or more claims of the '687 patent, including but not limited to GPS navigation systems (*e.g.*, TomTom VIA 1505), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '687 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

131.    The third-party manufacturers, distributors, and importers that sell display products to Defendants that include all of the limitations of one or more claims of the '687 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '687 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

132.    Defendants had knowledge of the application that issued into the '687 patent since at least the filing of this Complaint or before.

133.    Since at least the filing of this Complaint or before, Defendants have actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '687 patent. Since at least the filing of

this Complaint or before, Defendants do so with knowledge, or with willful blindness of the fact,

that the induced acts constitute infringement of the '687 patent. Defendants intend to cause

infringement by these third-party manufacturers, distributors, importers, and/or consumers.

Defendants have taken affirmative steps to induce their infringement by, *inter alia*, creating

advertisements that promote the infringing use of display products, creating established

distribution channels for these products into and within the United States, purchasing these

products, manufacturing these products in conformity with U.S. laws and regulations,

distributing or making available instructions or manuals for these products to purchasers and

prospective buyers, and/or providing technical support, replacement parts, or services for these

products to these purchasers in the United States.

134.    As a direct and proximate result of these acts of patent infringement, Defendants

have encroached on the exclusive rights of Plaintiff and its licensees to practice the '687 patent,

for which Plaintiff is entitled to at least a reasonable royalty.

## CONCLUSION

135.    Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff

as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law,

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

136.    Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the

prosecution of this action. The circumstances of this dispute create an exceptional case within the

meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary

attorneys' fees, costs, and expenses.

## JURY DEMAND

137.    Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

138.    Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.    A judgment that Defendants have infringed the patents-in-suit as alleged herein, directly and/or indirectly by way of inducing infringement of such patents;

B.    A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Defendants;

C.    A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284, and any royalties determined to be appropriate;

D.    A permanent injunction enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with them from direct and/or indirect infringement of the patents-in-suit pursuant to 35 U.S.C. § 283;

E.    A judgment and order requiring Defendants to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

F.    A judgment and order finding this to be an exceptional case and requiring Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

G.    Such other and further relief as the Court deems just and equitable.

Dated:  February 27, 2014

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

/s/ Anthony G. Simon
Anthony G. Simon
Timothy D. Krieger
Michael P. Kella
Benjamin R. Askew
Stephanie H. To
800  Market Street, Suite 1700
St. Louis, MO 63101
P. 314-241-2929
F. 314-241-2029
asimon@simonlawpc.com
tkrieger@simonlawpc.com
mkella@simonlawpc.com
baskew@simonlawpc.com
sto@simonlawpc.com

T. John Ward, Jr.
Ward & Smith Law Firm
1127 Judson Road, Suite 220
Longview, Texas 75601
P. 903-757-6400
F. 903-757-2323
jw@wsfirm.com

***ATTORNEYS FOR PLAINTIFF***
***INNOVATIVE DISPLAY***
***TECHNOLOGIES LLC***